STATE OF CONNECTICUT *v.* CHAD E. MANSFIELD
(AC 31381)

DiPentima, C. J., and Beach and Borden, Js.

Argued February 17—officially released May 3, 2011

*Todd A. Bussert*, for the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Helen McLellan*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BORDEN, J. The sole issue in this appeal is whether the situational prong of General Statutes § 53-21 (a) (1)[1] is void for vagueness as applied to this case. The

---

[1] General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired . . . shall be guilty of a class C felony . . . ."

defendant, Chad E. Mansfield, appeals from the judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of § 53-21 (a) (1). We reject the defendant's claim that the statute is void for vagueness as applied and, accordingly, affirm the judgment of the trial court.

The state charged the defendant in a one count long form information with a violation of § 53-21 (a) (1), specifically as follows: "on or about the late evening hours of the 19th or the early morning hours of the 20th of January, 2007 in the city of New Haven, the [defendant] did wilfully and/or unlawfully [cause] or [permit] a child under the age of sixteen years to be placed in such a situation that her morals were likely to be impaired . . . in violation of section 53-21 (a) (1) of the Connecticut General Statutes." After a jury trial, the defendant was found guilty and the court rendered its judgment of conviction, sentencing the defendant to ten years incarceration, execution suspended after six years, followed by five years of probation with certain conditions. This appeal followed.

The jury reasonably could have found the following facts. On January 19, 2007, at approximately 10:30 p.m. the victim,[2] who was fifteen years old, was walking on Grand Avenue in New Haven to a party. The defendant, who was thirty-four years old, was driving his pickup truck on Grand Avenue. In a very dark area near a vacant building, he slowed his truck down, pulled alongside of the victim, and yelled, "[h]ey you in the black coat." When the victim looked in his direction, the defendant said to her that "his private area was hard." When the defendant asked the victim, "[h]ow old are you," the victim answered, "I'm only twelve," giving a

---

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

younger age in the hope that he would drive off. The defendant then said to her, "[w]ell, you're old enough to get [a] cock put inside you," and "[a]ll I want to do is spread your legs and lick what's in between." The defendant then pulled his truck into a driveway, cutting off the victim's walking path, while the victim, fearful of what might happen next, ran in the opposite direction where a nearby motorist, Jean Bidon, and his wife, Sujey, were in their car. Meanwhile, the defendant had started to get out of his truck, when Jean Bidon confronted him by asking, "[w]hat are you doing?" The defendant then jumped back into his truck, backed it up and sped away. Meanwhile, the victim had entered the Bidons' car, and they drove her to the party. On the way, the victim, who was visibly frightened and startled, told them what the defendant had said to her. After dropping the victim off at the party, the Bidons called the police and gave them the license plate number of the defendant's truck, which led to his arrest and identification by both the victim and Jean Bidon.

The defendant claims that his conviction should be reversed because "[t]he risk of injury statute is unconstitutionally vague as applied to this case, where [he] was convicted of causing a situation likely to impair the morals of a minor, namely, making comments of a sexual nature to a [fifteen] year old."[3] More specifically, the defendant contends that the statute is vague as applied in this case because (1) "[a] 'situation' involving impairment of a minor's morals has never been held to extend to speech alone," and, therefore, the prior judicial gloss on the statute could not have given him adequate notice of the criminality of his conduct and (2) "[t]o the extent [his] comments to [the victim] can be

---

[3] Although the defendant did not raise this claim in the trial court, he argues, and the state agrees, as do we, that the claim is reviewable under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

construed as an overture to engage in sexual activity, [the victim] was of an age to consent."

We first note that the defendant does not claim that the evidence was insufficient to support the conviction. Thus, he implicitly concedes that his conduct was wilful or unlawful, and that he created a situation likely to impair the morals of one less than sixteen years old. See *State* v. *Scruggs*, 279 Conn. 698, 713, 905 A.2d 24 (2006). His sole claim is that, as applied, the statute did not give him fair notice that what he claims to be solely verbal sexual overtures to the victim was criminal. We disagree.

The standards applicable to an "as applied" vagueness challenge to a criminal statute are well settled. "A statute . . . [that] forbids or requires conduct in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process. . . . Laws must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly. A statute is not void for vagueness unless it clearly and unequivocally is unconstitutional, making every presumption in favor of its validity. . . . To demonstrate that [a statute] is unconstitutionally vague as applied to [her], the [defendant] therefore must . . . demonstrate beyond a reasonable doubt that [she] had inadequate notice of what was prohibited or that [she was] the victim of arbitrary and discriminatory enforcement. . . . [T]he void for vagueness doctrine embodies two central precepts: the right to fair warning of the effect of a governing statute . . . and the guarantee against standardless law enforcement. . . . If the meaning of a statute can be fairly ascertained a statute will not be void for vagueness since [m]any statutes will have some inherent vagueness, for [i]n most English words and phrases there lurk uncertainties. . . . References to judicial

opinions involving the statute, the common law, legal dictionaries, or treatises may be necessary to ascertain a statute's meaning to determine if it gives fair warning." (Internal quotation marks omitted.) *State* v. *Skidd*, 104 Conn. App. 46, 56, 932 A.2d 416 (2007). We conclude that the statute is not unconstitutionally vague as applied to the facts of this case.

The combination of the defendant's vulgar sexual speech and threatening conduct falls within the parameters of case law holding similar speech and conduct violative of the situation prong of the statute. As the state points out, our courts consistently have held sexual speech and threatening conduct toward a minor to be within the confines of the situation prong of the risk of injury statute. See, e.g., *State* v. *Eastwood*, 83 Conn. App. 452, 454–55, 850 A.2d 234 (2004) (defendant threateningly demanded that ten and eleven year old boys enter his car and accompany him to nearby town), cert. denied, 286 Conn. 914, 945 A.2d 978 (2008); *State* v. *Payne*, 40 Conn. App. 1, 3, 669 A.2d 582 (1995) (defendant forced young boys by threat to urinate into cup), aff'd, 240 Conn. 766, 695 A.2d 525 (1997), overruled in part on other grounds by *State* v. *Romero*, 269 Conn. 481, 490, 849 A.2d 760 (2004); *State* v. *Erzen*, 29 Conn. App. 591, 592, 617 A.2d 177 (1992) (defendant asked young girls to unzip his zipper, exposed his penis and, when one frightened victim said she was going to leave, asked her to stay); see also *State* v. *Aziegbemi*, 111 Conn. App. 259, 261, 959 A.2d 1 (defendant in car told young female victim she was " 'pretty'," asked to be her " 'friend'," and blocked her path and attempted to pull her into vehicle), cert. denied, 290 Conn. 901, 962 A.2d 128 (2008). Furthermore, the defendant became startled when confronted by Jean Bidon and sped away, permitting the inference that he knew what he was doing was criminally prohibited. See *State* v. *Erzen*, supra, 599.

The defendant's contention that the state's case rested only on his sexual speech to the victim[4] is not supported by the record. The information did not limit the state's case to speech alone. Furthermore, there was evidence of threatening and frightening behavior by the defendant with regard to the victim, namely, he pulled his vehicle into a driveway and cut off her walking path, causing her to run the other way afraid of what might happen next, and he followed this behavior by exiting his vehicle.[5] Finally, the court's instructions to the jury summarized the case in precisely those terms. The court, consistent with the information and the evidence, stated: "Physical contact of the child is not important. The state alleges that the defendant created such a situation [to impair the morals of a minor] by driving alongside the complainant, soliciting her to engage in sex with him, and blocking her passage along the sidewalk with his vehicle." Thus, this is not, as the defendant argues, a case of sexual speech alone; it is a case of sexual speech plus threatening conduct.

Finally, the defendant argues that the statute is unconstitutionally vague because the victim was of an age to consent to the sexual overture of the defendant.

---

[4] The defendant claims in his brief that "[t]here is no known decision by this [c]ourt or the Supreme Court where words alone were deemed sufficient to satisfy the statute." In light of our conclusion that this is not a case of sexual words alone, but instead sexual words plus threatening conduct, we need not consider this claim.

[5] The fact that, as the defendant argues, the victim actually may not have seen him exit his vehicle is of no moment in this context, because the focus of the statute is on the defendant's conduct and its likely—not actual—effect on a minor in the victim's situation. See *State* v. *Eastwood*, supra, 83 Conn. App. 476 (Section 53-21 [a] [1] precludes "the creation of a *situation* that is *likely* to impair the morals of a victim younger than sixteen years of age. Lack of an actual injury to . . . the . . . morals of the victim is irrelevant . . . actual injury is not an element of the offense. . . . [T]he creation of a prohibited situation is sufficient." [Emphasis in original; internal quotation marks omitted.]).

We disagree with the premise of the defendant's argument. First, she at no time gave any indication of consent. Second, even if she had, the victim was legally incapable of consenting to the defendant's overture. The defendant, who was thirty-four years old at the time, asked to perform cunnilingus on the fifteen year old victim. The version of our Penal Code in effect at the time of the defendant's conduct provided that: " '[s]exual intercourse' means . . . cunnilingus between persons . . ."; General Statutes (Rev. to 2007) § 53a-65 (2); and "[a] person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older[6] than such person . . . ." General Statutes (Rev. to 2007) § 53a-71 (a). Thus, if the victim had complied with the defendant's request, he would have been guilty of sexual assault in the second degree, a class B felony when the victim is under sixteen years of age. See General Statutes (Rev. to 2007) § 53a-71 (b).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] In 2007, this age differential was amended to include an actor more than three years older than the victim. See Public Acts 2007, No. 07-143, § 1.